THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAROLYN SIMS, | * | |
| Plaintiff, | * | |
| | | Case No. TJS-24-3361 |
| v. | * | |
| BURLINGTON COAT FACTORY | * | |
| WAREHOUSE CORPORATION, | | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is Defendant Burlington Coat Factory Warehouse Corporation's

Motion for Summary Judgment ("Motion").[1] ECF No. 31. Having considered the submissions of

the parties (ECF Nos. 31 & 32), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the

following reasons, Defendant's Motion will be granted.

**I.     INTRODUCTION**

**A.     Factual Background**

Unless otherwise noted, the following facts are not in dispute. To the extent any facts are

in dispute, they will be considered in the light most favorable to Plaintiff Carolyn Sims, as the non-

moving party. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019).

This lawsuit arises from an incident that occurred in a Burlington store located in

Forestville, Maryland. ECF No. 4. Plaintiff was walking to the checkout counter at the front of the

store when she tripped over boxes and fell to the ground. ECF No. 31-2 at 33. Before she fell,

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF No. 12.

Plaintiff had entered a long aisle filled with shelves of merchandise, believing it to be clear of obstructions. *Id.* at 19-20, 34. Plaintiff did not see any boxes on the floor when she entered the aisle. *Id.* at 34. She perused the merchandise, eventually reaching the end of the aisle where she noticed several boxes scattered across the floor. *Id*. at 24, 34. Plaintiff testified that it looked like "a bunch of shoe boxes that had fallen off the shelf, onto the floor[,]" but that she did not see the boxes fall and could not say for certain how they ended up on the floor. *Id.* 24-26, 32. These boxes obstructed Plaintiff's path through the end of the aisle and to the front of the store. *Id.* at 29-30.

With the support of her cane, Plaintiff attempted to maneuver through the scattered boxes, tripping over a fallen box as she did so. *Id.* at 27-31. After she fell, another customer assisted her off the floor. *Id.* at 32-33. This customer was the only other individual in the aisle. *Id.* There is no evidence of a Burlington employee in or around the aisle when Plaintiff fell, or at any time prior. As a result of her fall, Plaintiff suffered injuries to her back and shoulder. *Id.* at 35-36. She now claims that Defendant negligently maintained the store premises.

### B.    Procedural History

On September 30, 2024, Plaintiff brought this negligence action in the Circuit Court for Prince George's County, Maryland. ECF No. 4. On November 21, 2024, this case was removed to this Court. ECF No. 1. Discovery was completed on April 23, 2025, and the Defendant's Motion and Plaintiff's response were filed thereafter. ECF Nos. 10, 31 & 32. Defendant's Motion is now ripe for decision.

## II.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute

of material fact. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## III. DISCUSSION

### A. Choice of Law

Maryland adheres to the principle of *lex loci delicti* to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Here, Plaintiff was injured in a Burlington location in Maryland. Maryland law therefore governs Plaintiff's negligence claim against Defendant.

### B. Defendant's Negligence

Defendant claims that it did not owe Plaintiff a duty to protect her from the obvious danger of the boxes scattered on the floor, but even if it did, Defendant did not have actual or constructive

knowledge of the boxes and therefore did not breach its duty to Plaintiff. ECF No. 31-1. Plaintiff does not respond to this argument.[2]

In a negligence action brought under Maryland law, "a plaintiff bears the burden of proving: '1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of duty.'" *Six Flags Am., L.P. v. Gonzalez-Perdomo*, 248 Md. App. 569, 581 (2020) (quoting *Marrick Homes LLC v. Rutkowski*, 232 Md. App. 689, 698 (2017)). If the plaintiff does not "introduce evidence on each element which is sufficient to warrant a finding in [her] favor, [she] will lose [her] case at the hands of the court[.]" *Macias v. Summit Mgmt.*, 243 Md. App. 294, 317 (2019) (quoting *Pratt v. Maryland Farms Condo. Phase 1, Inc.*, 42 Md. App. 632, 640 (1979)) (affirming the trial court's grant of summary judgment in favor of the defendant because plaintiff failed to submit evidence of actual or constructive notice of a dangerous condition). Here, Plaintiff fails to submit any evidence in support of her negligence claim.[3]

### i.    Duty

In premises liability cases, the duty owed by a property owner to an individual that enters the property is based on the entrant's legal status. *See Macias*, 243 Md. App. at 316-17. Individuals who are "invited or permitted to enter another's property for purposes related to the landowner's business" are considered business invitees and are owed the highest duty of care. *Aska-Abramson*

---

[2] The only mention of this argument is a sentence in Plaintiff's introduction that states, "In premises liability cases, constructive notice may be inferred from circumstantial evidence such as the nature of the condition, and its location. *Moulden v. Greenbelt Consumer Services, Inc.*, 210 A.2d 724 (Md. 1965)." ECF No. 32 at 3. She offers no further analysis or law on the issue.

[3] In addition to omitting a discussion of this issue in her opposition, Plaintiff also fails to provide the Court with any exhibits in support of her position.

*v. Wal-Mart Stores E., LP*, 743 F. Supp. 3d 695, 699 (D. Md. 2024) (quoting *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997)). Specifically, a business owner has "[an] obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant*, 115 Md. App. at 388; *but see Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 233 (1965) (explaining that a business owner does not have a "duty to conduct a continuous inspection tour of the store"). The owner must also "exercise reasonable care to 'protect the invitee from injury caused by an unreasonable risk' that the invitee would be unlikely to perceive in the exercise of ordinary care for his or her own safety, and about which the owner knows or could have discovered in the exercise of reasonable care." *Tennant*, 115 Md. App. at 388 (quoting *Casper v. Charles F. Smith & Son, Inc.*, 316 Md. 573, 582 (1989)).

Plaintiff was a customer at Defendant's retail store, making her a business invitee. Accordingly, Defendant owed her a duty to exercise ordinary care to keep the premises reasonably safe. *See Jones v. Target*, No. WMN-05-2357, 2006 U.S. Dist. LEXIS 104649, at *5 (D. Md. Aug. 1, 2006). But "[a] store owner is not [] an insurer of the safety of customers, *i.e.*, business invitees, and there is no presumption of negligence on the part of the owner merely from the fact that a customer sustained an injury in the owner's store." *Aska-Abramson*, 743 F. Supp. 3d at 699. Thus, while navigating through Burlington, Plaintiff had a duty to exercise due care for her own safety. *Villa v. Lowe's Home Ctrs., LLC*, No. AAQ-22-1854, 2023 U.S. Dist. LEXIS 199439, at *14 (D. Md. Nov. 7, 2023). And Defendant was not obligated to warn Plaintiff of open, obvious, and present dangers. *See id.* at *6.

Whether a danger was open and obvious is typically a decision reserved for the jury. *See Smith v. Rite Aid of Md., Inc.*, No. 0936, 2016 Md. App. LEXIS 393, at *9-10 (Md. Ct. Spec. App.

5

May 19, 2016). This is especially true when a hazard is located on an aisle floor in a retail store. *See id.* (collecting cases) (explaining that customers have an expectation that aisle floors are free of hazards and noting that stores often have displays that take customers' attention away from where they are walking). Here, however, Plaintiff admits to seeing the boxes, a fact that differentiates this case from much of the case law on the issue. ECF No. 31-2 at 24. Based on this fact, the boxes were undisputedly an open and obvious condition. And "the open and obvious nature of the risk, if any, posed by the [boxes] negated [Defendant's] duty to warn or protect [Plaintiff] against it." *Coleman v. United States*, 369 F. App'x 459, 463 (4th Cir. 2010) (affirming the district court's grant of summary judgment in favor of defendant, noting that "Maryland law creates a high burden in premises liability[] cases"). Because Defendant was not required to warn Plaintiff of the open and obvious danger created by the boxes, boxes that Plaintiff saw scattered on the floor before her, Plaintiff's negligence claim fails and summary judgment is appropriate.

### ii. Breach

But even if the boxes were not a clear, obvious, and present danger, Plaintiff fails to establish that Defendant breached a duty it owed to her. "A breach occurs when a party fails to discharge the duty owed." *Macias*, 243 Md. App. at 317. To establish a breach of a duty, the plaintiff must show that the defendant created a dangerous condition, or "had actual or constructive knowledge of the dangerous condition and 'that th[e] knowledge was gained in sufficient time to give [the defendant] the opportunity to remove it or to warn the invitee.'" *Id*. (quoting *Rehn v. Westfield America*, 153 Md. App. 586, 593 (2003)).[4] Summary judgment is appropriate when there

---

[4] Some cases suggest that "whether [defendant] had actual or constructive knowledge of a [] risk relates to whether a legal duty was owed to [plaintiff] in the first place." *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 175 (4th Cir. 2014). This does not affect the Court's decision, as Plaintiff's negligence claim fails regardless of how this factor is characterized.

is no evidence that the defendant created or had actual or constructive knowledge of the dangerous condition. *See, e.g.*, *Redmond v. Walmart Stores, Inc.*, 743 F. Supp. 3d 681, 687-88 (D. Md. 2024) (granting summary judgment when there was no evidence that a dangerous condition existed, or that the defendant had notice of such a condition); *Villa*, 2023 U.S. Dist. LEXIS 199439, at *6-7 (stating "an owner is generally not liable where it has no actual or constructive knowledge of a danger's existence[]"); *Aska-Abramson*, 743 F. Supp. 3d at 700 ("[A] store owner charged with failing to maintain the premises in a reasonably safe condition is entitled to summary judgment if there is no evidence showing that the hazardous condition existed long enough for the owner to remedy the hazard or warn of its existence.").

There is no evidence that a Burlington employee was responsible for or had actual knowledge of the boxes on the floor. In fact, it is just as likely that a customer left the boxes on the ground or knocked them off the shelves. *See Jones*, 2006 U.S. Dist. LEXIS 104649, at *7 (granting summary judgment when it was as likely that a customer created the dangerous condition that caused plaintiff's injury). Even so, Defendant could still be liable for Plaintiff's injuries if a Burlington employee had constructive knowledge of the boxes. *See id*. Whether a defendant had constructive knowledge of a dangerous condition "does not automatically go to a jury." *Hoschar*, 739 F.3d at 175. And where a plaintiff fails to present any evidence that creates a genuine dispute as to this issue, "the district court can make this determination as a matter of law." *Id.* at 176.

"To demonstrate constructive knowledge, it is critical that the invitee produce 'time on the floor' evidence showing how long the dangerous condition has existed." *Aska-Abramson*, 743 F. Supp. 3d at 700 (explaining that, without this evidence, business owners could be held liable despite there being no way to determine if the owner could have done anything to avoid the injury). Without time on the floor evidence, a jury's finding that store employees should have noticed and

responded to the dangerous condition would improperly "rest on 'pure conjecture and not on reasonable inference.'" *Id.* at 701 (quoting *Moulden*, 239 Md. at 233). And "[w]hen the parties present no evidence as to the amount of time that a danger existed, generally an owner will not be charged with constructive notice of the danger." *Villa*, 2023 U.S. Dist. LEXIS 199439, at *8.

Time on the floor evidence is critical to whether Burlington had constructive knowledge of the condition that caused Plaintiff's injury. Yet Plaintiff fails to produce any evidence of how long the boxes laid on the floor and obstructed the aisle before she confronted them. This is fatal to Plaintiff's case. Without this evidence, Plaintiff cannot establish that a sufficient length of time passed that would permit an employee to discover the boxes and mitigate any danger they caused. *See, e.g.*, *Moulden*, 239 Md. at 233 (affirming a directed verdict when there was no actual or constructive notice of a string bean on the floor, reasoning that it may have fallen from a grocery cart moments before plaintiff entered the aisle); *Jones*, 2006 U.S. Dist. LEXIS 104649, at *9 (granting summary judgment because "the Court could not allow a jury to speculate that the [wooden] chip was on the floor long enough that a Target employee should have seen it and removed it[]"); *McLaughlin v. Walmart Inc.*, MJM-21-1305, 2023 U.S. Dist. LEXIS 48563, at *6 (D. Md. Mar. 21, 2023) (granting summary judgment when the plaintiff failed to provide any evidence that a Walmart employee observed or created the hazard, or evidence regarding the length of time the hazard was on the floor). Here, the only evidence in the record that could potentially be construed as time on the floor evidence favors Defendant.

Plaintiff testified that when she entered the aisle, it "looked clear" and she did not see any boxes on the aisle floor. ECF No. 31-2 at 34. By the time she reached the end of the aisle, she noticed boxes scattered across the aisle floor, seemingly having fallen from the shelves. *Id.* at 24-26, 34. This evidence suggests that the boxes fell from the shelves at some point after Plaintiff

entered the aisle but before she reached the aisle's end. Moreover, there is no evidence that an employee was at or near the boxes when Plaintiff fell, or at any time prior to that. Based on this evidence, a reasonable jury could not conclude that the boxes were on the floor long enough for Burlington to have constructive notice. And even in the light most favorable to Plaintiff, without any evidence as to how the boxes arrived on the floor or whether a Burlington employee had knowledge of the boxes, Defendant is entitled to judgment as a matter of law.

### C.      Defendant's Affirmative Defenses

Defendant argues that Plaintiff was both contributorily negligent and assumed the risk of injury. ECF No. 31-1. Both defenses are issues typically reserved for a jury, and, if established, both defenses completely bar Plaintiff's recovery. *See Meyers v. Lamar*, 743 F.3d 908, 914 (4th Cir. 2014); *Wenfield v. Walmart*, No. TJS-23-1744, 2024 U.S. Dist. LEXIS 195837, at *9 (D. Md. Oct. 28, 2024). Because Plaintiff fails to establish that Defendant was negligent in the first place, the Court does not reach these issues.

## IV.     CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF No. 31) is **GRANTED**. The Clerk is directed to **CLOSE** this case.


May 11, 2026                                                      /s/
Date                                               Timothy J. Sullivan
                                                   Chief United States Magistrate Judge